*Court of Common Pleas, Dauphin County, June 3, 1867.*

THE COMMONWEALTH OF PENNSYLVANIA *v.* THE CENTRAL
PETROLEUM COMPANY.

A corporation chartered under the laws of another State, and owning oil wells
in Pennsylvania, is not exempt from taxation under the acts of 21st of
April, 1854, and 1st of April, 1863.  A corporation which paid a tax on
its dividends, is also liable to pay one on its net earnings, under the act of
30th of April, 1864.

A law of the State of Pennsylvania imposing a tax on a foreign corporation
doing business within its borders, is not contrary to the Constitution of the
United States.

BY THE COURT.—This suit is brought to recover the amount
of taxes due by the defendant to the commonwealth, as settled at
the accounting department of the State, on February 20th, 1866,
amounting to $9000.   It is conceded that the defendant is a com-
pany engaged in obtaining or preparing mineral oil, incorporated
under the laws of New York, and having its principal office in
that State, but holding its oil lands ·and carrying on business in
Pennsylvania.   It made its return to the auditor-general, as re-
quired by our laws, showing that during the year 1865, down to
November 1st, it had made net earnings amounting to $300,000,
on which it was charged a tax of three per cent. under the act of
30th of April, 1864.   The settlement was unappealed from, and
is of course conclusive as to amount, provided our officers had
jurisdiction over the subject-matter, and authority to assess the
tax.   It is contended for the defendant, First, That it possesses
immunity from taxation under section 6 of the act of 21st of
April, 1854, relative to manufacturing corporations.   We are of
the opinion that it does not come within that law, which applies
solely to corporations created by the courts of this commonwealth
for mining purposes, extended by section 1 of the act of 1st of
April, 1863, to those engaged in the manufacture or preparation
of lubricating oils, etc.   This company never was so created, but
is a foreign corporation.   Besides, the tax thus referred to, is
merely in the nature of a bonus, such as is very generally re-
quired by the legislature, leaving the corporation still subject to
the ordinary taxation.   The sole power of this company to hold
land in Pennsylvania is derived from section 2 of the act of 22d
July, 1863, which enables foreign corporations, created for mining
purposes, to hold not exceding three hundred acres of land in
this State.   That section is repealed by the act of 23d of March,
1865, leaving the right to land already vested under the former
law unimpaired, but making it the duty of the foreign corpo-
ration doing business in this State, to render the same returns and
pay the same taxes, under like penalties, as is required of corpo-
rations chartered under the laws of this State.   If the question
were before us, it might admit of serious doubt whether this

[The Commonwealth of Pennsylvania *v.* The Central Petroleum Company.]

company, chartered by another State, could hold any land here for an oil well under the grant of power to hold for *mining purposes*, boring a hole in the ground to extract oil having little more resemblance to *mining*, than would one made to obtain salt water, or water for domestic uses. If this company is tolerated to hold land and transact business in Pennsylvania, it is by the terms of the act of 23d of March, 1865, made its imperative duty to pay its taxes. Second, It is contended that this company is not subject to the tax of three per cent. on net earnings, because it pays a tax on its dividends, and section 2 of the act of 30th of April, 1864, only imposes it on such corporations as do not. By the act of 29th of April, 1844, a tax was imposed on the dividends of nearly all corporations within the commonwealth, and also on the value of the capital stock, in many cases to be computed by the amount of dividends. These were distinct taxes. The Bank Act of 1850 and its supplements imposed this double tax on the banks of issue. The act of 12th of April, 1859, in attempting to equalize taxation on corporations, repealed the tax on dividends as to everything but banks either of issue or deposit, leaving the one as before, and subjecting the other for the first time to the same burden. The defendant as a corporation was exempted from any tax on its dividends by the act of 1859, and therefore comes within the very words of the act of 1864, as " a corporation doing business in this commonwealth," is clearly covered by the statute, which is made doubly clear by the act of 1865, already cited. These questions scarcely arise in the present case, as they are not before us on appeal, the statute making the settlement of the account conclusive. We have thought proper, on the earnest solicitation of the defendant's counsel, to give instructions on every point raised on the argument. There is one other presented, as to the constitutional power of the legislature to tax corporations not created by or under the laws of this State, but that will come up on the point reserved. You are instructed to render a verdict in favor of the commonwealth for $9000.

It is scarcely possible to raise a question on the point reserved in this case. The principles laid down by Woodward, C. J., in Maltby *v.* The Reading R. R. Co. (5 Am. Law. Reg., N. S. 479), fully covers it, and the same have been enunciated in many other cases in this State. If Pennsylvania chooses by statute to authorize a foreign corporation to hold land and carry on its business within her borders, it does not relieve that property or the profits made from the payment of the same taxes as our own corporations. The company in question was only permitted to hold land for *mining* purposes by our law of 1863, which was repealed by the act of 23d of March, 1865, but the company was suffered to hold the property acquired, and carry on its business on the express condition that it should make annual returns and

pay the same taxes as provided by law for corporations chartered under our own laws.   If it did not like the terms, it should not have pursued the business.   The case is entirely unlike that of Olive v. The Washington Mills (11 Allen), or the one decided in Tennessee, reported in — Yerger.   All of the profits taxed in the case of this company were made after the passage of the act of 1865, if made at all; and the corporation or its stockholders have no cause to complain.   The tax imposed by our law is not on the foreign stockholder, but on the corporation itself.

Judgment must be rendered in favor of the commonwealth on the reserved point.

*Meredith, for plaintiff.*

*McCalmont and Alricks, for defendant.*